ORIGINAL

FILED
U.S. DISTRICT COURT

2010 AUG 19 PM 4:07

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| BRUCE TIMOTHY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-039 |
| | ) | |
| FNU BOOKER, Warden, FNU JACKSON, | ) | |
| Warden, and BRIAN OWENS, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bruce Timothy Jones ("Petitioner") filed the above-captioned case ostensibly pursuant to 28 U.S.C. § 2254, and the petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

I.      **BACKGROUND**

The Court starts with the recognition that Petitioner has now filed over ten federal habeas petitions since 2007 that have attempted to attack various convictions and court rulings. Jones v. Burnette, CV 408-111, doc. no. 3 at n.1 (S.D. Ga. June 27, 2008) (*hereinafter* "2008 Savannah Petition"). In fact, Petitioner has attempted in this case to raise issues that were previously raised in his 2008 Savannah Petition. Moreover, Petitioner filed the instant petition at the same time as the petition in Jones v. Booker, CV 410-098 (S.D. Ga. Apr. 28, 2010) (*hereinafter* "2010 Savannah Petition"). Because his petition in this case can best be understood in light of similar issues raised in the 2008 and 2010 Savannah Petitions, the Court, where appropriate, will quote liberally from the Reports and Recommendations entered in those two cases.

In this case, Petitioner is attempting a two-pronged attack on Georgia's refusal to grant him parole. According to Petitioner, he filed a petition in the Superior Court of Telfair County for a writ of mandamus to compel the Georgia Board of Pardons and Parole to consider him for parole. (Doc. no. 1, pp. 2-3.) Petitioner seeks federal habeas corpus relief on the grounds that the dismissal of his mandamus proceedings in 2009 was improper and on the grounds that the substantive merits of his claims raised in the allegedly improperly handled mandamus proceedings show that he is entitled to parole. In particular, Petitioner argues that he was not "informed of the court's dismissal order [in the mandamus action] in a prompt manner." (Doc. no. 1, p. 7.) Petitioner also claims that he has been improperly denied consideration for parole because he has been labeled a recidivist (and therefore ineligible for parole) based on an allegedly "void" conviction on "10 years revocation" of his

probation in State v. Jones, CR 086-666, on February 25, 1991. 2008 Savannah Petition, p. 4; 2010 Savannah Petition, pp. 10-11; (doc. no. 1, p. 7).

## II. DISCUSSION

### A. Attack on Mandamus Proceedings

To the extent Petitioner claims that he is entitled to federal habeas corpus relief because his state mandamus proceedings were allegedly conducted improperly, his argument misses the mark. As the Eleventh Circuit has explained, "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); see also Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (*per curiam*) (explaining that a valid petition must address claims related to the cause of a petitioner's detention). Thus, Petitioner's current claim that he was not promptly notified of the dismissal of his mandamus petition - a collateral proceeding - does not form the basis for federal habeas corpus relief.

### B. Untimely Attack on Expired Sentence

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d). In the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th

Cir. 1998) (*per curiam*). That is, prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Here, Petitioner appears to be trying to challenge the present-day consequences of the 1991 revocation of his probation in CR 086-666. However, he is improperly attempting to make his challenge by attacking a probation revocation that became final in March, 1991,[2] years before the AEDPA went into effect on April 24, 1996. Thus, he had until April 24, 1997 to seek federal habeas corpus relief.[3] Petitioner did not file the present petition until

---

[2]Petitioner did not appeal the probation revocation, so his conviction became final when his time for filing a notice of appeal with the Georgia Court of Appeals expired. Colbert v. Head, 146 F. App'x 340, 341 (11th Cir. 2005). Therefore, his conviction became final in March, 1991, thirty days after the February 25, 1991 probation revocation currently under attack. See O.C.G.A. § 5-6-38 (allowing 30 days after entry of judgment for an appeal).

[3]The Court is aware that a prisoner may stop the running of his AEDPA clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). However, the state habeas action Petitioner filed with respect to the 1991 probation revocation was dismissed in December, 1995. 2008 Savannah Petition, p. 4. As the state habeas petition was dismissed before the AEDPA's one-year statute of limitations began to run, Petitioner cannot argue that it tolled the limitations period.

4

April, 2010, approximately thirteen years after the limitations period expired. Accordingly, his request for relief concerning his 1991 probation revocation is untimely.[4]

The Court also takes this opportunity to remind Petitioner of the important information provided to him in the May 3, 2010 Report and Recommendation entered in the case in which he filed his 2010 Savannah Petition, as it appears to have application to this case as well. In particular, rather than launching untimely attacks on expired sentences, Petitioner may find that his time is better spent filing a petition attacking his present state sentence.

> Under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). [Petitioner] admits that his sentence from 1991 has completely expired. [2008 Savannah Petition, p. 4]. Consequently, [Petitioner] is no longer "in custody" under the conviction or sentence under attack. Maleng v. Cook, 490 U.S. 488, 492 (1989) [*per curiam*] (holding that a habeas petitioner is no longer "in custody" when his sentence has fully expired). Although [Petitioner] may still suffer collateral consequences from that conviction, "collateral consequences of [a] conviction, alone, are insufficient to render the defendant 'in custody' for the

---

[4]Of course, the untimeliness of the challenge to the 1991 probation revocation under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (U.S. 2010) (holding that AEDPA's one-year statute of limitations under § 2244(d) is "subject to equitable tolling in appropriate cases"). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19). Petitioner provides no basis for applying the principles of equitable tolling. Nor has Petitioner provided any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).

5

> purposes of habeas attack." Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 578 (11th Cir. 2007) [*per curiam*] (quoting Maleng, 490 U.S. at 491-92).
>
> Nevertheless, [Petitioner] is attempting to attack a state conviction that was used to enhance his more recent convictions. (Doc. no. 1.) The Eleventh Circuit has determined that "the Court in Maleng permitted currently incarcerated petitioners to challenge a sentence enhanced by an expired sentence." Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) [*per curiam*]. "In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction." Van Zant v. Florida Parole Comm'n, 104 F.3d 325, 327 (11th Cir. 1997) [*per curiam*].
>
> [Petitioner], however, currently stands convicted by both state and federal courts. It is unclear whether this 1991 conviction was used as an enhancement in both the state and federal convictions (it certainly was used in the federal conviction), and he has not explained the current procedural posture of his state case. . . . [H]e cannot proceed under § 2255. Any § 2255 motion would be barred as successive under 28 U.S.C. § 2244(b)(3)(A), since he has already filed a § 2255 petition attacking his federal conviction. Jones v. United States, No. CV408-235 (S.D. Ga. Oct. 28, 2009). As this Court has advised [Petitioner] before, he should file a petition attacking his *present* state sentence and conviction if he wishes to proceed on this claim.[5]

2010 Savannah Petition, doc. no. 3, p. 3 n.3.

In sum, Petitioner is not entitled to federal habeas corpus relief based on his claim that he was not promptly notified in 2009 of the dismissal of his mandamus proceedings in

---

[5]Although Petitioner primarily attempted to attack an August 1991 conviction in the 2010 Savannah Petition, rather than the February 1991 probation revocation under attack in this case, the same principle applies. Petitioner is claiming in this case that the collateral consequences of his probation revocation are impacting his current sentence of incarceration.

the Superior Court of Telfair County. Likewise, as described above, the remainder of Petitioner's attack regarding the revocation of his probation in February, 1991, cannot provide him the relief he seeks in these federal proceedings.[6]

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of August, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]To the extent Petitioner may be attempting to make a claim for relief pursuant to 28 U.S.C. § 2241 to challenge the decision of the Georgia Board of Pardons and Parole to reject his request for parole - as opposed to trying to improperly use § 2241 to attack his underlying revocation from 1991 - a § 2241 petition must be brought in the district of Petitioner's incarceration, Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Although Petitioner claims that his recent transfer to Wilcox State Prison in Abbeville, Georgia, puts his place of incarceration within the Dublin Division of the Southern District of Georgia (doc. no. 6, p. 1), Abbeville is actually located within the Middle District of Georgia.